IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No.

| | |
|---|---|
| SISVEL INTERNATIONAL S.A., and SISVEL S.p.A., <br><br> Plaintiffs, <br><br> v. <br><br> BLU PRODUCTS INC., <br><br> Defendant. | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Sisvel International S.A. and Sisvel S.p.A. (collectively, "Plaintiffs"), for their Complaint against Defendant Blu Products, Inc. ("Blu" or "Defendant"), allege the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Sisvel International S.A. ("Sisvel") is an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

3. Sisvel S.p.A. ("Sisvel S.p.A.") is an entity organized under the laws of Italy with a place of business at Via Sestriere 100, 10060 None (TO) Italy. "Sisvel" is an acronym for "Società Italiana per lo Sviluppo Dell'Elettronica."

4. Founded in Italy in 1982, Sisvel is a world leader in fostering innovation and managing intellectual property. Sisvel works with its partners offering a comprehensive approach to patent licensing: from issuing initial calls for essential patents; facilitating discussions among stakeholders; developing multiparty license agreements; executing and administering licenses; to collecting and distributing royalties. At the same time, Sisvel actively promotes a culture of respect and understanding of the intellectual property and innovation ecosystem through, for example, its regular presence at the key consumer electronics trade fairs and intellectual property events, participation in policy discussions and conferences, as well as open dialogues with a number of government bodies, standard-setting organizations and industry associations.

5. In early 2016, Sisvel initiated licensing activities in North America via its U.S. subsidiary, Sisvel US Inc.

6. A subsidiary of Sisvel founded in 1982, Sisvel S.p.A., is an intellectual property company operating primarily in areas of wireless communication, audio/video coding/decoding, digital video display, and broadband technology. The company is composed of specialists with extensive experience to support Sisvel's efforts in licensing programs and patent pools, primarily on behalf of third-party companies and organizations.

7. Upon information and belief, Defendant is a corporation organized and existing under the laws of Florida, with its principal place of business at 10814 NW 33rd St., Building 100, Doral, Florida 33172.

8. Defendant maintains a registered agent for service of process in Florida, Bernard L. Egozi, at 2999 NE 191st Street, Number 407, Aventura, Florida 33180. Upon information and belief, Defendant sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that enter into the stream of

commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter jurisdiction of this case under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent law – 35 U.S.C. § 101, *et seq.*).

10. This Court has personal jurisdiction over Defendant, because Defendant has sufficient minimum contacts within the State of Florida and this District, pursuant to due process, as Defendant has purposefully availed itself of the privileges of conducting business in the State of Florida by regularly conducting and soliciting business within the State of Florida and within this District, and because Plaintiffs' causes of action arise directly from Defendant's business contacts and other activities in the State of Florida and this District.  Further, this Court has personal jurisdiction over Defendant because it is incorporated in the State of Florida and has purposely availed itself of the privileges and benefits of the laws of the State of Florida.

11. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) as Defendant is incorporated in the State of Florida and has a regular and established place of business in this District at 10814 NW 33rd St., Building 100, Doral, Florida 33172.

## ACCUSED INSTRUMENTALITIES

12. Defendant makes, uses, sells and offers for sale, provides, and causes to be used, now and within the past six years, C Series, such as the C5L and the C6L, the G Series, such as the G60, G70, G6, G9, and the G9 Pro, and the Vivo Series, such as the Vivo X5, Vivo XL5, Vivo XI, and the Vivo XI+ ("Accused Instrumentalities"), among other such devices.

13. Defendant advertises that the C Series of products are compliant with the 3G and 4G cellular network standards (*See, e.g.*, product information for the C5L, attached hereto as Exhibit 1, and the C6L, attached hereto as Exhibit 2.)

14. Defendant advertises that the G Series of products are compliant with the 3G and 4G cellular network standards (*See, e.g.*, product information for the G60, attached hereto as Exhibit 3, the G70, attached hereto as Exhibit 4, the G6, attached hereto as Exhibit 5, the G9, attached hereto as exhibit 6, and the G9 Pro, attached hereto as Exhibit 7.)

15. Defendant advertises that the Vivo Series of products are compliant with the 3G and 4G cellular network standards (*See, e.g.*, product information for the Vivo X5 and XL5, attached hereto as Exhibit 8, the Vivo XI, attached hereto as Exhibit 9, and the Vivo XI+, attached hereto as Exhibit 10.)

**BACKGROUND**

16. Plaintiffs are the owners by assignment of a portfolio of patents, including the three patents described in detail in the counts below (collectively, the "Asserted Patents"), that relate to technology for cellular communications networks, including variations or generations of cellular communication network technology such as, but not limited to 4G.

17. Cellular communication network technology is used to provide data transmission across mobile cellular networks.

18. U.S. Patent No. 7,979,070 ("the '070 patent") was assigned to Nokia Corporation either directly from the inventors or through mergers. In 2011, the '070 patent was assigned to a trust by Nokia Corporation. On April 10, 2012, Sisvel obtained ownership of the '070 patent.

19. U.S. Patent Nos. 7,869,396 ("the '396 patent") and 8,971,279 ("the '279 patent") were assigned to LG Electronics Inc. from the inventors. On March 28, 2014, the '396 and '279 patents were assigned to Thomson Licensing SAS from LG Electronics. On September 23, 2019, Sisvel S.p.A. obtained ownership of the '396 and '279 patents from Thomson Licensing SAS.

20. Sisvel and Sisvel S.p.A. are the rightful owners of the Asserted Patents and hold the entire right, title and interest in the Asserted Patents.

21. Sisvel first sent a letter to BLU on July 11, 2014, offering to license patents owned and/or managed by Sisvel that are essential to cellular standards including 4G. The correspondence identified BLU products such as Vivo products that were covered by claims of the offered patents and attached a list of patents covering BLU's products.

22. During 2015 Sisvel sent additional correspondence to BLU regarding licensing patents owned and/or managed by Sisvel that are essential to cellular standards including 4G. On March 9, 2016, Sisvel sent correspondence to BLU again offering BLU a license to patents that are essential to cellular standards including 4G. Sisvel sent follow-up letters to BLU on June 1, 2016 and December 6, 2016.

23. On March 22, 2018, Sisvel sent additional correspondence to BLU regarding licensing of patents owned and/or managed by Sisvel and referencing prior communications. The March 22, 2018 letter included links to Sisvel's website, which specifically identified the '070 patent. Following the March 22, 2018 letter, Sisvel and BLU engaged in an extensive correspondence through additional letters and email.

24. Despite Sisvel's continuous efforts over more than five years, BLU refused to take a license to the offered patents.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,979,070**

25. The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this First Claim for Relief.

26. On July 12, 2011, the '070 patent, entitled "Mobile Equipment for Sending an Attach Request to a Network" was duly and legally issued Patent Application No. 12/232,724 patent application filed on September 23, 2008. The '070 patent claims priority to a U.S. Patent No. 7,035,621 filed on October 13, 2000. A true and correct copy of the '070 patent is attached as Exhibit 11.

27. Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '070 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

28. The '070 patent discloses a system and method that Plaintiffs believe is essential under the 4G cellular standard as explained in attached Exhibit 12. Thus, Defendant's Accused Instrumentalities are necessarily infringing the '070 patent

29. Defendant was made aware of the '070 patent and its infringement thereof by correspondence from Plaintiff on March 22, 2018 as discussed in paragraph 23 above.

30. Defendant was further made aware of the '070 patent and its infringement thereof at least as early as the date of filing of this Complaint.

31. Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 2 and/or 5 of the '070 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

32. Since March 22, 2018, when it first was made aware of the '070 patent, Defendant's infringement has been, and continues to be willful.

33. Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

34. Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 2 and/or 5 of the '070 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end

users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '070 patent.

35. In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

36. Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '070 patent because the invention of the '070 patent is required to comply with the relevant cellular standard. Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '070 patent. Defendant has knowingly induced infringement since at least March 22, 2018, when Defendant was first made aware of the '070 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 21-24 above.

37. Upon information and belief, the Defendant is liable as a contributory infringer of the '070 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '070 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '070 patent and is specifically made and not a staple article of commerce suitable for substantial non-infringing use. In particular, each of the Accused Instrumentalities is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

38. Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,869,396

39. The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Second Claim for Relief.

40. On January 11, 2011, the '396 patent, entitled "Data Transmission Method and Data Re-Transmission Method" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 12/158,646 filed on January 3, 2007. The '396 patent claims priority to U.S. Provisional Patent Application No. 60/757,063 filed on January 5, 2006. A true and correct copy of the '396 patent is attached as Exhibit 13.

41. Plaintiff Sisvel S.p.A. is the assignee and owner of the right, title and interest in and to the '396 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

42. The '396 patent discloses a system and method that Plaintiffs believe is essential under the 4G cellular standard as explained in attached Exhibit 14. Thus, Defendant's Accused Instrumentalities are necessarily infringing the '396 patent.

43. Defendant was made aware of the '396 patent and its infringement thereof at least as early as the date of filing of this Complaint.

44. Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 6 and/or 8 of the '396 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

45. Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

46. Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 6 and/or 8 of the '396 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '396 patent.

47. In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

48. Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '396 patent because the invention of the '396 patent is required to comply with the relevant cellular standard. Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '396 patent. Defendant has knowingly induced infringement since at least the filing of this Complaint when Defendant was first made aware of the '396 patent.

49. Upon information and belief, the Defendant is liable as a contributory infringer of the '396 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '396 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '396 patent and is specifically made and not a staple article of commerce suitable for substantial non-infringing use. In particular, each Accused

Instrumentalities is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

50. Plaintiffs have been harmed by Defendant's infringing activities.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,971,279**

51. The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Third Claim for Relief.

52. On March 3, 2015, the '279 patent, entitled "Method and Apparatus for Indicating Deactivation of Semi-Persistent Scheduling" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 13/791,421 filed on March 8, 2013. The '279 patent claims priority to U.S. Provisional Patent Application Nos. 61/114,440 filed on November 13, 2008 and 61/119,375 filed on December 3, 2008. A true and correct copy of the '279 patent is attached as Exhibit 15.

53. Plaintiff Sisvel S.p.A. is the assignee and owner of the right, title and interest in and to the '279 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

54. The '279 patent discloses a system and method that Plaintiffs believe is essential under the 4G cellular standard as explained in attached Exhibit 16. Thus, Defendant's Accused Instrumentalities that are compliant with the 4G standard are necessarily infringing the '279 patent.

55. Defendant was made aware of the '279 patent and its infringement thereof at least as early as the date of filing of this Complaint.

56. Upon information and belief, Defendant has and continues to directly infringe at least claims 1 and/or 11 of the '279 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

57. Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

58. Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1 and/or 11 of the '279 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '279 patent.

59. In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

60. Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '279 patent because the invention of the '279 patent is required to comply with the relevant cellular standard. Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '279 patent. Defendant has knowingly induced infringement since at least the filing of this Complaint when Defendant was first made aware of the '279 patent.

61. Upon information and belief, the Defendant is liable as a contributory infringer of the '396 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '279 patent. Each of the Accused Instrumentalities is a

material component for use in practicing the '279 patent and is specifically made and not a staple article of commerce suitable for substantial non-infringing use. In particular, each Accused Instrumentalities is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

62. Plaintiffs have been harmed by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment for itself and against Defendant as follows:

A. An adjudication that Defendant has infringed the '070, '396, and '279 patents;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '070, '396, and '279 patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiffs' reasonable attorneys' fees; and

D. An award to Plaintiffs of such further relief at law or in equity as the Court deems just and proper.

Dated: May 15, 2020

/s/*Jorge Espinosa/*
Jorge Espinosa, Esq.
Florida Bar No: 779032
jespinosa@etlaw.com
Francesca Russo, Esq.
frusso@etlaw.com
Robert R. Jimenez, Esq.
rjimenez@etlaw.com
GRAY | ROBINSON, P.A.
333 S.E. 2nd Ave., Suite 300
Miami, FL 33131
Tel: 305-416-6880
Fax: 305-416-6887

*Attorneys for Plaintiffs*
*SISVEL INTERNATIONAL S.A.*
*and SISVEL S.p.A.*