IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-22050-FAM

SISVEL INTERNATIONAL, S.A.
and SISVEL S.p.A.,

    Plaintiff,

v.

BLU PRODUCTS, INC.,

    Defendant.
_____/

## BLU PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant BLU Products, Inc. ("BLU") hereby responds to the Amended Complaint for Patent Infringement ("Complaint") of Plaintiffs, SISVEL INTERNATIONAL, S.A. ("Sisvel") and 3G LICENSING S.A. ("3G") (collectively, the "Plaintiffs") in the correspondingly numbered paragraphs below. For its Answer and Affirmative Defenses to the Complaint, all allegations of which are denied unless specifically admitted, BLU states as follows:

### NATURE OF THE ACTION

1.    BLU admits that this purports to be an action for patent infringement under Title 35 of the United States Code. BLU denies that the Plaintiffs are entitled to any relief requested against BLU under any theory of recovery.

### THE PARTIES

2.    BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 2 and therefore denies all allegations of Paragraph 2.

3.    BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 3 and therefore denies all allegations of Paragraph 3.

4.    BLU lacks knowledge or information sufficient to form a belief about the truth of

any allegation in Paragraph 4 and therefore denies all allegations of Paragraph 4.

5. BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 5 and therefore denies all allegations of Paragraph 5.

6. BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 6 and therefore denies all allegations of Paragraph 6.

7. BLU admits the allegations in Paragraph 7.

8. BLU admits the allegation set forth in the first sentence of Paragraph 8. BLU admits that it sells and offers to sell products throughout the United States, including in this judicial district. BLU denies the remaining allegations set forth in Paragraph 8.

## JURISDICTION AND VENUE

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, BLU admits that this Court has subject matter jurisdiction over patent infringement claims.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, BLU admits the allegations set forth in Paragraph 10.

11. BLU admits the allegations set forth in Paragraph 11.

## ACCUSED INSTRUMENTALITIES

12. BLU admits that it sells and offers for sale, or provides, cellular devices including those identified in Paragraph 12.  BLU denies the remaining allegations set forth in Paragraph 12.

13. BLU admits the allegations in Paragraph 13. BLU further states that the referenced Exhibit speaks for itself.

14. BLU admits the allegations in Paragraph 14. BLU further states that the referenced Exhibit speaks for itself.

15. BLU admits the allegations in Paragraph 15. BLU further states that the referenced exhibit speaks for itself.

## BACKGROUND.

16. BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 16 and therefore denies all allegations of Paragraph 16.

17. BLU admits the allegations in Paragraph 17.

18. BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 18 and therefore denies all allegations of Paragraph 18.

19. BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 19 and therefore denies all allegations of Paragraph 19.

20. BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 20 and therefore denies all allegations of Paragraph 20.

21. BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies all allegations of Paragraph 21.

22. BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22 and therefore denies all allegations of Paragraph 22.

23. BLU admits it received correspondence dated March 22, 2018 from Sisvel. BLU lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of Paragraph 23 and therefore denies those allegations. BLU admits the allegations set forth in the third sentence of Paragraph 23. BLU denies all remaining allegations of Paragraph 23.

24. BLU denies the allegations set forth in Paragraph 24.

## COUNT I
## (Infringement of United States Patent No. 7,979,070)

25. Paragraph 25 of the Complaint incorporates by reference prior allegations. BLU's specific responses to these prior allegations shall serve as its response to this Paragraph.

26. BLU admits that '070 Patent attached to the Complaint speaks for itself. BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26 and therefore denies all allegations of Paragraph 26.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 27 and therefore denies all allegations of Paragraph 27.

28. BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 28 and therefore denies all allegations of Paragraph 28.

29. BLU denies the allegations in Paragraph 29.

30. BLU admits that it was made aware of the allegations in the Complaint as early as the date of filing the Complaint and denies the remaining allegations in Paragraph 30.

31. BLU denies the allegations in Paragraph 31.

32. BLU denies the allegations in Paragraph 32.

33. BLU admits that the products defined in the Complaint as Accused Instrumentalities are marketed and at least some are used in this District. BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33 and therefore denies all remaining allegations of Paragraph 33.

34. BLU denies the allegations in Paragraph 34.

35. BLU denies the allegations in Paragraph 35.

36. BLU denies the allegations in Paragraph 36.

37. BLU denies the allegations in Paragraph 37.

38. BLU denies the allegations in Paragraph 38.

**COUNT II**
**(Infringement of United States Patent No. 7,869,396)**

39. Paragraph 39 of the Complaint incorporates by reference prior allegations. BLU's specific responses to these prior allegations shall serve as its response to this Paragraph.

40. BLU admits that '396 Patent attached to the Complaint speaks for itself. BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40 and therefore denies all allegations of Paragraph 40.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 41 and therefore denies all allegations of Paragraph 41.

42. BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 42 and therefore denies all allegations of Paragraph 42.

43. BLU admits that it was made aware of the allegations in the Complaint as early as the date of filing the Complaint and denies the remaining allegations in Paragraph 43.

44. BLU denies the allegations in Paragraph 44.

45. BLU admits that the products defined in the Complaint as Accused Instrumentalities are marketed and at least some are used in this District. BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45 and therefore denies all remaining allegations of Paragraph 45.

46. BLU denies the allegations in Paragraph 46.

47. BLU denies the allegations in Paragraph 47.

48. BLU denies the allegations in Paragraph 48.

49. BLU denies the allegations in Paragraph 49.

50. BLU denies the allegations in Paragraph 50.

## COUNT III
### (Infringement of United States Patent No. 8,971,279)

51. Paragraph 51 of the Complaint incorporates by reference prior allegations. BLU's specific responses to these prior allegations shall serve as its response to this Paragraph.

52. BLU admits that '279 Patent attached to the Complaint speaks for itself. BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 52 and therefore denies all allegations of Paragraph 52.

53. Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 53 and therefore denies all allegations of Paragraph 53.

54. BLU lacks knowledge or information sufficient to form a belief about the truth of any allegation in Paragraph 54 and therefore denies all allegations of Paragraph 54.

55. BLU admits that it was made aware of the allegations in the Complaint as early as the date of filing the Complaint and denies the remaining allegations in Paragraph 55.

56. BLU denies the allegations in Paragraph 56.

57. BLU admits that the products defined in the Complaint as Accused Instrumentalities are marketed and at least some are used in this District. BLU lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57 and therefore denies all remaining allegations of Paragraph 57.

58. BLU denies the allegations in Paragraph 58.

59. BLU denies the allegations in Paragraph 59.

60. BLU denies the allegations in Paragraph 60.

61. BLU denies the allegations in Paragraph 61.

62. BLU denies the allegations in Paragraph 62.

## PLAINTIFFS' PRAYER FOR RELIEF

BLU denies that Plaintiffs are entitled to any relief, including that sought in Paragraphs A-D in the Prayer for Relief paragraph following Paragraph 62 of the Complaint.

## AFFIRMATIVE DEFENSES

BLU, by way of affirmative defenses, alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted and/or fails to plead the allegations with sufficient particularity.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because BLU does not infringe and has not infringed any valid and enforceable claim of the '070, '396, and '279 patents, either literally, or under the doctrine of equivalents, directly, by active inducement, or by contributing to infringement by others.

## THIRD AFFIRMATIVE DEFENSE

One or more of the claims of the '070, '396, and '279 patents are invalid for failure to satisfy one or more conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, for example, 35 U.S.C. §§ 101, 102, 1703, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred pursuant to the doctrine of patent exhaustion. Furthermore, Plaintiffs have received full compensation for the allegedly infringing products or sub-components of any allegedly infringing products that are supplied, directly or indirectly, to BLU by an entity or entities that may have a license to the asserted patents. Accordingly, Plaintiffs are barred from

asserting their claims for patent infringement against products used, sold, or offered for sale by BLU.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover any damages from BLU for alleged infringement of the '070, '396, and '279 patents, and/or the claims of these asserted patents are unenforceable, in whole or in part, by the doctrines of laches, estoppel, and/or waiver. On information and belief, Plaintiffs and/or their predecessors or affiliates were aware of BLU allegedly infringing products well before filing the Complaint and, by not pursuing these claims sooner, any right to assert those claims was waived and/or rendered unwarranted due to laches. Such delay was unreasonably long and prejudicial to BLU.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' purported claims for injunctive relief are barred because Plaintiffs are not competing with BLU, Plaintiffs are not practicing the alleged inventions of the '070 and '396 patents, Plaintiffs have not suffered irreparable harm, and Plaintiffs have an adequate remedy at law (to the extent they are entitled to any remedy, which BLU denies).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from obtaining a finding of willfulness or receiving enhanced damages because it has failed to set forth facts alleging reprehensible culpability on the part of BLU, which is prerequisite for a finding of willfulness and an award of enhanced damages. BLU purchases its devices from third-party original design manufacturers believed to have the requisite licensure to sell the devices and components within those devices to BLU. BLU respects the intellectual property rights of others and is a willing licensee to valid patent owners.

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 35 U.S.C. § 286, Plaintiffs may not recover money damages for any alleged infringement occurring more than six years prior to the filing of this action. Also, because Plaintiffs (and any predecessors in interest) failed to comply with the notice provisions of 35 U.S.C. § 287, Plaintiffs may not recover damages for any purported infringement occurring prior to filing of this action. Moreover, Plaintiffs' recovery of costs is barred by 35 U.S.C. § 288.

## NINTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred in whole or in part by equitable estoppel, implied license, and/or the doctrine of unclean hands.  Plaintiffs have unclean hands in that, prior to filing suit, it failed to negotiate a license to any of its asserted patents under terms that are fair, reasonable and non-discriminatory. Plaintiffs refused to license, offer to license, or to contemplate good faith negotiations toward a license for the asserted patents. Plaintiffs engaged in discriminatory, non-FRAND licensing practices. Plaintiffs breached their obligations to license each of the asserted patents on FRAND terms, despite BLU's willingness to negotiate a license on FRAND terms.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant BLU Products, Inc. respectfully requests that the Court enter Judgment in its favor and against Plaintiffs, SISVEL INTERNATIONAL, S.A. and 3G LICENSING S.A.

    A.    Dismissing with prejudice the Complaint against BLU;

    B.    Denying any and all relief sought by Plaintiffs;

    C.    Declaring that BLU has not infringed and is not directly or indirectly infringing any asserted claim of the '070, '396, and '279 patents either literally or under the doctrine of equivalents;

  D.  Declaring that the '070, '396, and '279 patents are invalid and/or unenforceable;

  E.  Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding to BLU its attorneys' fees and costs incurred in connection with this action; and

  F.  Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

BLU respectfully demands a trial by jury of any issues triable by right under Rule 38 of the Federal Rules of Civil Procedure.

            Respectfully submitted,

            *s/ Yanina Zilberman*
            Bernard L. Egozi (Florida Bar No. 152544)
            begozi@egozilaw.com
            Yanina Zilberman (Florida Bar No. 105665)
            yanina@egozilaw.com
            EGOZI & BENNETT, P.A.
            2999 NE 191 Street, Suite 407
            Aventura, Florida 33180
            Telephone: (305) 931-3000
            *Counsel for Defendant, BLU Products, Inc.*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail through the CM/ECF system on this 14th day of September, 2020, on all counsel of record.

                                                 *s/ Yanina Zilberman*

**Service List**

**DEVLIN LAW FIRM LLC**
Timothy Devlin, Esq.
Neil A. Benchell
1526 Gilpin Avenue
Wilmington, DE 19806
Tel.: (302) 449-9010
Fax: (302) 353-4251
tdevlin@devlinlawfirm.com
nbenchell@devlinlawfirm.com

**GRAY ROBINSON, P.A.**
Jorge Espinosa, Esq.
Francesca Russo, Esq.
Robert R. Jimenez, Esq.
333 SE 2nd Avenue, Suite 300
Miami, FL 33131
Tel.: 305-416-6880
Fax: 305-416-6887
jespinosa@etlaw.com
frusso@etlaw.com
rjimenez@etlaw.com

*Counsel for Plaintiff*