## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:20-cv-22050-FAM

SISVEL INTERNATIONAL, S.A.
and SISVEL S.p.A.,

      Plaintiff,

v.

BLU PRODUCTS, INC.,

      Defendant.

_____/

### UNOPPOSED MOTION TO VACATE CLERK'S DEFAULT

Defendant, BLU PRODUCTS, INC. ("BLU Products"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 55(c), respectfully moves for the entry of an order vacating the Clerk's Default entered against it on September 15, 2020 [D.E. 12] (the "Default"). In support thereof, BLU Products submits the Declaration of Bernard L. Egozi, Esq. ("Egozi Declaration"), attached hereto as **Exhibit "A,"** and further submits the following:

### LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Good cause "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In the Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). In considering a motion to set aside the entry of a default, a trial court should consider good cause liberally, keeping in mind that "[d]efaults are not favored and their strict enforcement 'has no place in the Federal Rules.'" *Effjohn Intern'l Cruise Holdings, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003)

1

(citing *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991)). Furthermore, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citing *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Several factors may be considered to determine whether there is good cause to set aside a default including: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense has been presented. *Lacy*, 227 F.3d at 292. A court may also consider whether the defendant acted expeditiously to correct its default. *See Matter of Dierschke,* 975 F.2d 181, 184 (5th Cir. 1992).

## ARGUMENT

There is good cause for vacating the clerk's default entered against BLU Products because (1) its failure to act was not willful; (2) it has a meritorious defense; (3) setting aside the default does not prejudice the Plaintiff; and (4) it acted expeditiously after it discovered the default.

First, as explained in the Egozi Declaration, BLU Products's failure to timely respond to the Complaint for Patent Infringement (the "Complaint") filed by Plaintiff Sisvel was due to an inadvertent office calendaring error and was not an intentional or willful act. *See* Egozi Declaration at ¶¶ 6-7, 13. Such a clerical error has been held to not rise to the level of willfulness. *See Gamez v. Hosp. Klean of Texas, Inc.*, No. SA-12-CV-517-XR, 2013 WL 1089040, at *2 (W.D. Tex. Mar. 14, 2013); *see also Lacy*, 227 F.3d at 293 (nothing in the record to indicate failure to respond was willful). Accordingly, this factor weighs in favor of vacating the default.

Second, in determining whether a meritorious defense exists, "'[t]he underlying concern is . . . whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (quoting

*Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008). Here, BLU Products has a meritorious defense against the Complaint in the form of its proposed Answer and Affirmative Defenses attached hereto as **Exhibit "B"** and incorporated herein as though fully set forth.  BLU Products filed this Answer and Affirmative Defenses on the same day as this Court's entry of an Order Directing Clerk of Enter Default [D.E. 10]. Accordingly, this factor cuts in favor of granting the motion to vacate.

Third, setting aside the default will not prejudice Sisvel. The Fifth Circuit has consistently held that a plaintiff does not suffer prejudice sufficient to warrant upholding a default when setting it aside does "no harm to plaintiff except to require it to prove its case." *Lacy,* 227 F.3d at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.,* 277 F.2d 919, 921 (5th Cir. 1960); *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). Instead, a plaintiff must show that setting aside the default judgment will result in "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy,* 227 F.3d at 293 (citation and internal quotation marks omitted). Sisvel cannot credibly make such a showing here. In sum, setting aside the default under these circumstances would merely give BLU Products its day in court. *See Gen. Tel. Corp.*, 277 F.2d at 921. This third factor thus weighs in favor of vacating the default.

Finally, BLU Products acted expeditiously and immediately after it discovered the default. Upon receipt of the Order Directing Clerk to Enter Default [D.E. 10], counsel for BLU Products immediately (on the same day) contacted Sisvel's counsel to advise that the answer was not timely filed due to a calendaring error and that it would be filed imminently—and it was. *See* Egozi Declaration at ¶ 8; [D.E. 11]. Moments after the entry of the Default on September 15, 2020, counsel for BLU Products contacted Sisvel's counsel requesting Sisvel's position with respect to

vacatur of the default and filing of the Answer and Affirmative Defenses. *See* Egozi Declaration at ¶ 11. On September 17, 2020, Sisvel agreed not to oppose a motion to vacate the default entered against BLU Products. *See* Egozi Declaration at ¶ 12. Therefore, this factor cuts in favor of vacating the Default. *See, e.g., Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir. 1981) (motion filed 12 days after the discovery of the judgment was within reasonable time as that term is used in Rule 60(b) for vacating judgments).

Pursuant to Rule 7.1(a)(2), Local Rules of the United States District Court for the Southern District of Florida, a proposed order is attached for the Court's convenience as **Exhibit C**, and a copy will be transmitted to judge's chambers pursuant to Rule 3(I)(6) of the CM/ECF Administrative Procedures of the Southern District of Florida.

## CONCLUSION

Based on the record before the Court, good cause exists for relief from the entry of default by the Clerk. Accordingly, BLU Products respectfully requests that the Court enter an order vacating the Default entered on September 15, 2020, deeming its Answer and Affirmative Defenses to the Complaint attached as Exhibit "B" filed as of the date of the Court's order, and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Bernard L. Egozi
Bernard L. Egozi (Florida Bar No. 152544)
begozi@egozilaw.com
Yanina Zilberman (Florida Bar No. 105665)
yanina@egozilaw.com
EGOZI & BENNETT, P.A.
2999 NE 191 Street, Suite 407
Aventura, Florida 33180
Telephone: (305) 931-3000
Facsimile: (305) 931-9343
*Counsel for Defendant*

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

The undersigned certifies that as required by S.D. Fla. L.R. 7.1(a)(3), on September 14, 2020, September 15, 2020 and September 17, 2020 counsel for BLU Products has conferred with counsel for Sisvel regarding the relief sought in this motion and said request for relief is unopposed.

s/ Bernard L. Egozi

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic mail through the CM/ECF system on this 29th day of September, 2020, on all counsel of record on the service list below.

s/ Bernard L. Egozi

**Service List**

**DEVLIN LAW FIRM LLC**
Timothy Devlin, Esq.
Neil A. Benchell
1526 Gilpin Avenue
Wilmington, DE 19806
Tel.: (302) 449-9010
Fax: (302) 353-4251
tdevlin@devlinlawfirm.com
nbenchell@devlinlawfirm.com


**GRAY ROBINSON, P.A.**
Jorge Espinosa, Esq.
Francesca Russo, Esq.
Robert R. Jimenez, Esq.
333 SE 2nd Avenue, Suite 300
Miami, FL 33131
Tel.: 305-416-6880
Fax: 305-416-6887
jespinosa@etlaw.com
frusso@etlaw.com
rjimenez@etlaw.com


*Counsel for Plaintiff*

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:20-cv-22050-FAM**

SISVEL INTERNATIONAL, S.A.
and SISVEL S.p.A.,

      Plaintiff,

v.

BLU PRODUCTS, INC.,

      Defendant.

_____/

**<u>DECLARATION OF BERNARD L. EGOZI</u>**
**<u>IN SUPPORT OF MOTION TO VACATE DEFAULT</u>**

      BERNARD L. EGOZI, pursuant to 28 U.S.C. § 1746, declares as follows:

      1.     I am an attorney and a member of the bar of the United States District Court for the Southern District of Florida.

      2.     I am employed by the law firm of Egozi & Bennett, P.A. (the "Firm"), and am outside counsel for Defendant, BLU PRODUCTS, INC. ("BLU Products").

      3.     On May 15, 2020, Plaintiff filed its Complaint in this action [D.E. 1].

      4.     On August 4, 2020, BLU timely filed an Unopposed Motion for Extension of Time to Respond to the Complaint [D.E. 7].

      5.     On August 5, 2020, the Court granted the request for extension and ordered BLU Products to file a response no later than September 3, 2020. [D.E. 9].

      6.     However, due to an inadvertent office error, the response date was not calendared in the Firm's office calendar or the undersigned's calendar.

7.      As such, BLU Products did not timely file a responsive pleading to the Complaint. Had the undersigned or the Firm calendared the response date, BLU Products would have timely served a responsive pleading.

8.      On September 14, 2020, the undersigned learned that the Court entered an order directing the Clerk of Court to enter a default against BLU Products [D.E. 10]. Immediately upon receipt of the same, counsel for BLU Products (on the same day) contacted Sisvel's counsel to advise that the answer had not been timely filed due to a calendaring error and that it would be filed imminently.

9.      In good faith, BLU filed its Answer and Affirmative Defenses on September 14, 2020 [D.E. 11].

10.     On September 15, 2020, the undersigned learned that a Default was entered against BLU Products. [D.E. 12].

11.     On September 15, 2020, the undersigned immediately contacted Plaintiff's counsel requesting Plaintiff's position with respect to BLU Products seeking to vacate the Default.

12.     In response, Plaintiff agreed not to oppose a motion to vacate the default against BLU Products.

13.     The failure of BLU Products to timely respond to the Complaint was an accident and was not willful or intentional.

Under penalty of perjury, I, BERNARD L. EGOZI, declare that I have read the foregoing and that the facts stated herein are true based on my personal knowledge.

Executed on September 24, 2020.


_____

**BERNARD L. EGOZI**

# EXHIBIT "B"

# EXHIBIT "C"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:20-cv-22050-FAM

SISVEL INTERNATIONAL, S.A.
and SISVEL S.p.A.,

      Plaintiff,

v.

BLU PRODUCTS, INC.,

      Defendant.

_____/

### <u>ORDER ON UNOPPOSED MOTION TO VACATE CLERK'S DEFAULT</u>

THIS CAUSE is before the Court on the *Unopposed Motion to Vacate Clerk's Default* ("Motion")*,* filed by Defendant BLU PRODUCTS, INC. ("BLU Products") [D.E. 13]. It is:

ORDERED AND ADJUDGED that the Motion is **GRANTED**. The Clerk's Default entered against BLU Products on September 15 [D.E. 12] is hereby vacated. The Answer and Affirmative Defenses attached as Exhibit "B" to the Motion is deemed filed as of the date of this Order.

DONE AND ORDERED in Miami, Florida this _____ day of September, 2020.

                                       _____
                                       Federico A. Moreno
                                       United States District Court Judge

Copies to:

Counsel of Record