**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| SISVEL INTERNATIONAL S.A., 3G LICENSING S.A., and SISVEL S.p.A., <br><br> Plaintiffs, <br><br> v. <br><br> BLU PRODUCTS, INC., <br><br> Defendant. | Civil Action No. 1:20-cv-22050-DPG |

**JOINT SCHEDULING REPORT PURSUANT TO LOCAL RULE 16.1(b)(2)**

Plaintiffs Sisvel International S.A., 3G Licensing S.A., and Sisvel S.p.A. ("Sisvel" or "Plaintiffs") and Defendant BLU Products, Inc. ("Blu" or "Defendants"), pursuant to Rule 16.1(b)(2) of the Local Rules for the Southern District of Florida and the Court's October 21, 2020 Order (D.I. 19) hereby submit this Joint Scheduling Report.

**Information Required by Local Rule 16.1(b)(2)**

**(A) Likelihood of settlement.**

Settlement is possible. The parties are attempting in good faith to resolve this matter and will notify the Court if they do so.

**(B) Likelihood of appearance in the action of additional parties.**

The parties do not anticipate the appearance of any additional parties in this litigation.

**(C) Proposed limits on time.**

On November 2, 2020, Sisvel filed a Proposed Amended Scheduling Order in the related litigation *Sisvel International S.A. et al. v. HMD America, Inc. et al.*, 1:20-cv-22051 (S.D. Fla.), D.I. 34. The parties in this case agreed to follow the same schedule, which is attached as the Proposed Scheduling Order.

1

In addition to the deadlines set by the Court's Order, the parties agree to exchange initial disclosures pursuant to Fed. R. Civ. P. 26 on November 30, 2020.

**(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses and the number and timing of motions for summary judgment or partial summary judgment.**

The parties do not have any proposals for the formulation and simplification of any issues at this time. As the case progresses, the parties will in good faith confer to discuss proposals for the formulation and simplification of the issues in this case.

**(E) The necessity or desirability of amendments to the pleadings.**

Plaintiffs do not anticipate that any amendments to the Complaint will be necessary.

**(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.**

Through the discovery process it is expected that the parties will work together in good faith to obtain admissions and stipulations that will avoid unnecessary proof at trial. In particular the parties have discussed the use of Requests for Admission to address this issue.

**(G) Suggestions for the avoidance of unnecessary proof and cumulative evidence.**

Through the discovery process the parties have agreed to avoid the production of unnecessary proof and cumulative evidence. To the extent one party believes that the evidence is unnecessary or cumulative, the parties have agreed to work together in good faith to address these situations.

**(H) Suggestions on the advisability of referring matters to a Magistrate Judge or master.**

The parties consent to referring discovery dispute related matters to the Magistrate Judge. The parties do not consent to referring any matters to a master at this time.

**(I) A preliminary estimate of the time required for trial.**

The parties estimate that the time required for trial will be ten days.

**(J) Requested date or dates for conferences before trial, a final pretrial conference, and trial.**

At this time, the parties have no additional requested dates for conferences before trial, a final pretrial conference, or trial beyond the dates included in the Joint Scheduling Report.

**(K) Any key issues about:**

**(i) Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The parties will negotiate in good faith an Electronically Stored Information agreement to address the disclosure of electronically stored information.

**(ii) Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and**

The parties will negotiate in good faith an agreed protective order to address issues of privilege.

**(iii) When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI checklist.**

The parties will consider whether to use the ESI Checklist as part of their negotiations over an Electronically Stored Information agreement.

[*Signature follows on next page*]

Dated: November 12, 2020

/s/ Jorge Espinosa
Jorge Espinosa, Esq.
Florida Bar No: 799032
Jorge.espinosa@gray-robinson.com
Francesca Russo, Esq.
Florida Bar No.: 174912
Francesca.russo@gray-robinson.com
Robert R. Jimenez, Esq.
Florida bar No. 72020
Robert.jimenez@gray-robinson.com
**GRAYROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 3200
Miami, FL 33131
Tel: 305-416-6880
Fax: 305-416-6887

OF COUNSEL
Neil A. Benchell
nbenchell@devlinlawfirm.com
tdevlin@devlinlawfirm.com
**DEVLIN LAW FIRM LLC**
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: 302-449-9010

*Attorneys for Plaintiffs*
*Sisvel International S.A.,*
*3G Licensing S.A., and SISVEL S.p.A.*

/s/ Bernard L. Egozi
Bernard L. Egozi, Esq.
Florida Bar No. 152544
begozi@egozilaw.com
Yanina Zilberman, Esq.
Florida Bar No. 105665
yanina@egozilaw.com
**EGOZI & BENNETT, PA**
2999 NE 191st Street, Suite 407
Aventura, Florida 33180
Tel. 305.931.3000
Fax: 305.931.9343
*Attorneys for Defendant BLU Products, Inc.*